

# NUMBER 13-22-00459-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JUAN YENELL VAZQUEZ,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                       **Appellee.**

---

**On appeal from the 36th District Court
of San Patricio County, Texas.**

---

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Longoria and Silva
Order Per Curiam**

This cause is before the Court on appellant Juan Yenell Vazquez's motion to amend trial court's certification of defendant's right of appeal and motion for leave to file the same. On September 22, 2022, appellant filed a notice of appeal attempting to appeal a judgment revoking community supervision in trial court cause number S-19-3037CR. The trial court's certification of the defendant's right to appeal indicates this is a

plea-bargain case, and the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). However, the motion to revoke was heard as a contested matter by the trial court.

Upon review, we have determined the trial court's certification of appellant's right of appeal is incorrect or otherwise defective. *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005); *see* Tex. R. App. P. 34.5(c); 37.1. A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. *Dears*, 154 S.W.3d at 614.

Therefore, we carry appellant's motion to amend trial court's certification of defendant's right of appeal and grant the motion for leave. Further, we abate and remand this case to the trial court. The trial court shall cause a hearing to be held to determine: (1) whether the trial court's certification of appealability is correct; (2) whether the appellant has the right of appeal; and (3) whether appellant has abandoned the appeal. We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. The trial court's amended certification, if any, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause a supplemental clerk's record and supplemental reporter's record to be filed with the Clerk of this Court within thirty days of the date of this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
11th day of January, 2023.